IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KAYLA SHOULARS,<br><br>    Plaintiff,<br><br>v.<br><br>RAM SHAI RAM, INC. d/b/a BOWDON KWIK SHOP, VARSHA PATEL, and TUSHAR PATEL,<br><br>    Defendants. | CIVIL ACTION NO. |

# COMPLAINT

Plaintiff KAYLA SHOULARS brings this Complaint for damages and other relief against Defendants RAM SHAI RAM, INC., VARSHA PATEL, and TUSHAR PATEL and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for unpaid minimum wage and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA") claims for breach of contract pursuant to Georgia law.

## PARTIES

2.  Plaintiff Kayla Shoulars ("Plaintiff") is a citizen of Georgia.

3. Defendant Ram Shai Ram, Inc. d/b/a Bowdon Kwik Shop ("Kwik Shop") is a Georgia limited liability company.

4. Ram Shai Ram, Inc. was formed in June of 2008 and has continued conducting business through the date this Complaint was filed.

5. Kwik Shop's principle office is located at 710 East College Street, Bowdon, Georgia 30108.

6. Kwik Shop may be served with process by delivering a copy of the Summons and this Complaint to Kwik Shop's registered agent, Larry James White, located at 1126 Ponce de Leon Avenue, N.E., Atlanta, GA 30306.

7. Kwik Shop owns and operates a gas station located at 710 East College Street, Bowdon, Georgia 30108.

8. Defendant Varsha Patel is a natural person and may be served wherever she may be found.

9. Defendant Tushar Patel (collectively with Defendant Varsha Patel and Kwik Shop, "Defendants") is a natural person and may be served wherever he may be found.

## JURISDICTION AND VENUE

10. The Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because they raise questions of federal law.

11. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

12. Plaintiff's state law claims arise out of a common nucleus of operative fact as their federal claims for unpaid overtime wages under the FLSA because both claims arise out of Defendants' wage and hour policies and practices.

13. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bowdon, Georgia, which is located in the Newnan Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR FAILURE TO MINIMUM WAGE AND PAY OVERTIME

14. Plaintiff began working for Kwik Shop on or about January 15, 2017, as a cashier.

15. At the beginning of her employment, Kwik Shop paid Plaintiff $7.25 per hour.

16. Defendant Kwik Shop qualifies as an "employer" within the meaning of the FLSA.

17. Defendant Kwik Shop is a covered enterprise under the FLSA.

18. Defendant Kwik Shop's gross sales or business done exceeds $500,000.00 annually.

19. Defendant Kwik Shop is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

20. Defendant Kwik Shop employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

21. Defendant Kwik Shop orders and receives products from outside the state of Georgia.

22. By way of example, Defendant Kwik Shop orders and receives petroleum and food items which were manufactured outside the state of Georgia.

23. Defendant Kwik Shop's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

24. For example, Defendant Kwik Shop's employees regularly use telephones and cash registers which were manufactured outside the state of Georgia while performing their job duties.

25. Defendant Kwik Shop employed Plaintiff.

26. Defendant Kwik Shop hired Plaintiff.

27. Defendant Kwik Shop maintained Plaintiff's employment records.

28. Defendant Kwik Shop set Plaintiff's schedule.

29. Defendant Kwik Shop provided Plaintiff with performance evaluations.

30. Defendant Kwik Shop paid Plaintiff's wages.

31. Defendant Varsha Patel "employed" Plaintiff within the meaning of the FLSA.

32. Defendant Varsha Patel is an owner of Defendant Kwik Shop.

33. Per the annual registration with the Georgia Secretary of State, Defendant Varsha Patel is the Secretary of Ram Shai Ram, Inc.

34. At all times relevant to this Complaint, Defendant Varsha Patel had operational control over Defendant Kwik Shop.

35. Defendant Varsha Patel directed Plaintiff's work.

36. Defendant Varsha Patel set Defendant Kwik Shop's pay policies.

37. Defendant Varsha Patel enforced Defendant Kwik Shop's pay policies.

38. At all times relevant to this Complaint, Defendant Varsha Patel had the ability to discipline Plaintiff.

39. At all times relevant to this Complaint, Defendant Varsha Patel had the ability to fire Plaintiff.

40. At all times relevant to this Complaint, Defendant Varsha Patel had the ability to hire people to work for Defendant Kwik Shop.

41. Defendant Tushar Patel "employed" Plaintiff within the meaning of the FLSA.

42. Defendant Tushar Patel is an owner of Defendant Kwik Shop.

43. Per the annual registration with the Georgia Secretary of State, Defendant Tushar Patel is the Chief Executive Officer and Chief Financial Officer of Ram Shai Ram, Inc.

44. At all times relevant to this Complaint, Defendant Tushar Patel had operational control over Defendant Kwik Shop.

45. Defendant Tushar Patel directed Plaintiff's work.

46. Defendant Tushar Patel set Defendant Kwik Shop's pay policies.

47. Defendant Tushar Patel enforced Defendant Kwik Shop's pay policies.

48. At all times relevant to this Complaint, Defendant Tushar Patel had the ability to discipline Plaintiff.

49. At all times relevant to this Complaint, Defendant Tushar Patel had the ability to fire Plaintiff.

50. At all times relevant to this Complaint, Defendant Tushar Patel had the ability to hire people to work for Defendant Kwik Shop.

51. Plaintiff was an individually-covered employee under the FLSA.

52. By way of example, Plaintiff ordered supplies that were shipped across state lines.

53. Defendants, however, failed to maintain accurate records of Plaintiff's hours worked.

54. Defendants knew or should have known that Plaintiff worked hours in excess of 40 during certain workweeks.

55. However, Defendants failed to compensate Plaintiff for all hours she worked.

56. Defendants regularly compensated Plaintiff for only her scheduled hours, instead of the actual working hours.

57. The United States Department of Labor's Wage and Hour Division investigated Defendants for wage and hour violations.

58. The Wage and Hour Division determined that Defendants violated the FLSA by failing to properly compensate their employees the required overtime.

59. The Wage and Hour Division found that FLSA violations occurred at the Kwik Shop located at 710 East College Street, Bowden, Georgia 30108.

60. The Wage and Hour Division further determined that Defendants failed to maintain accurate records of the hours employees worked.

61. Defendants agreed to pay back wages to certain employees, based upon the Wage and Hour Division's investigation.

62. Defendants' practices resulted in Plaintiff working hours in excess of 40 per week for which she was not compensated at one and one-half times her regular rate of pay.

## COUNT I: FAILURE TO PAY OVERTIME WAGES

63. Plaintiff worked more than 40 hours per week during certain workweeks while employed by Defendants.

64. Defendants failed to compensate Plaintiff for all hours worked, including those in excess of 40 per workweek.

65. Defendants failed to compensate Plaintiff at one and one-half times Plaintiff's regular rate of pay for all hours worked over 40 during certain workweeks.

66. Defendants suffered or permitted Plaintiff to work hours in excess of 40 during certain workweeks.

67. Defendants knew or should have known that Plaintiff worked in excess of 40 during certain workweeks.

68. Defendants knew Plaintiff worked more than 40 hours during certain workweeks but chose not to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 per workweek.

69. Defendants violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

70. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

## COUNT III: BREACH OF CONTRACT AGAINST DEFENDANT KWIK SHOP

71. All conditions precedent to Plaintiff bringing this lawsuit have been fulfilled, satisfied, or waived.

72. Defendant Kwik Shop had a contractual obligation to pay Plaintiff at a specified rate for all hours worked.

73. Defendant Kwik Shop failed to pay Plaintiff at the agreed-upon wages for all hours worked.

74. Each time Defendant Kwik Shop failed to pay Plaintiff the agreed-upon wage for hours worked, Defendant Kwik Shop breached its contractual agreement with Plaintiff.

75. As a result of Defendant Kwik Shop's breach of contract, Defendant Kwik Shop is liable to Plaintiff for the amount of unpaid straight-time wages Plaintiff worked which remain unpaid at the contractually-specified rate.

## COUNT IV: INTENTIONAL BREACH OF CONTRACT AGAINST DEFENDANT KWIK SHOP

76. By refusing to compensate Plaintiff for the agreed-upon rate of all hours worked for knowingly false and unjustified reasons, Defendant Kwik Shop has intentionally breached its contract with Plaintiff.

77. As a direct result of Defendant Kwik Shop's intentional breach of its contract with Plaintiff, Plaintiff has suffered direct damages in the form of lost wages, pre-judgment and post-judgment interest, and reasonable attorneys' fees.

78. Pursuant to O.C.G.A. § 51-12-10, Plaintiff is also entitled to recover remote damages occasioned by Defendant Kwik Shop's knowing and intentional breach of its contract with Plaintiff.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a) Declare that Defendants violated the FLSA;

(b) Enter judgment against Defendants that they violated the FLSA and, further, that their violations were willful;

(c) Declare that Defendant Kwik Shop breached its contract with Plaintiff;

(d) Enter judgment against Defendant Kwik Shop that it intentionally breached its contract with Plaintiff;

(e) Enter a monetary judgment against Defendants, including:

    i) Unpaid overtime wages;

    ii) Liquidated damages in an amount equal to Plaintiff's unpaid overtime wages;

    iii) Unpaid straight-time wages;

    iv) Remote damages as authorized by O.C.G.A. § 51-12-10;

  v)  Reasonable costs and attorneys' fees;

  vi)  Pre-judgment interest;

  vii)  Post-judgment interest; and,

(f)  Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: August 25, 2020.

            */s/ William S. Cleveland*
            William S. Cleveland
            Georgia Bar No. 721593
            wcleveland@pcwlawfirm.com
            *ATTORNEY FOR PLAINTIFF*

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
Phone: (404) 873-8000
Fax: (404) 873-8050